UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IBRAHIM TIEMTORE, on his own
behalf and on behalf of those similarly
situated,

      Plaintiffs,

vs.

CORNUCOPIA LOGISTICS, LLC,
AMAZON.COM, INC., a Foreign for
Profit Corporation; AMAZON
LOGISTICS, INC., a Foreign for
Profit Corporation; AMAZON.COM
SERVICES, INC., a Foreign for
Profit Corporation,

      Defendants.                    /

CASE NO.:

**COMPLAINT & DEMAND FOR JURY TRIAL**
**(Class/Collective Action Complaint)**

Plaintiff, IBRAHIM TIEMTORE ("TIEMTORE" or "Plaintiff"), on his own behalf and on behalf of those similarly situated (collectively referred to as "Plaintiffs"), were employees of Defendant, CORNUCOPIA LOGISTICS, LLC ("CORNUCOPIA"), AMAZON.COM, INC. ("ACI"), AMAZON LOGISTICS, INC. ("ALI"), and AMAZON.COM SERVICES, INC. ("ACSI") (collectively "Defendants" or "Amazon"), and brings this action for disgorgement of tips, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and the New York Labor Law, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations ("NYLL").

**INTRODUCTION**

1.    Plaintiff bring this action pursuant to 29 U.S.C. § 216(b) and NYLL, Article 6, §§ 190 *et seq*.

1

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

4. To the extent any partial payments have been made by Defendant to Plaintiff of the disputed amounts at the time of the filing of this Complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendant as well as all remaining damages, including but not limited to liquidated damages, pre-judgment interest, and reasonable attorneys' fees and costs. *See id.*

5. Defendants violated the FLSA and the NYLL by failing to pay Plaintiffs and other similarly-situated employees all of their tips earned and belonging to them.

6. This action is intended to include each and every hourly-paid delivery driver employee who performed/performs services on behalf of Defendants from December 2015 to the present.

## JURISDICTION

7. This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as they arise under the FLSA, 29 U.S.C. § 201, *et seq.*

8. This Court has supplemental jurisdiction over Plaintiffs' NYLL claims pursuant to 28 U.S.C. § 1367, because they are so related to the FLSA claims that they form part of the same case or controversy.

9. Defendants conduct business in Kings County, and the claims in this case arose from actions and omissions committed in this District therefore venue is proper in the Eastern District of New York, Brooklyn Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

### A. Plaintiffs

10. At all times relevant hereto Plaintiff resided in this judicial district.

11. At all times relevant hereto, Plaintiff handled goods that had moved in interstate commerce on a daily basis delivering packages to customers of Amazon.

12. At all times relevant hereto, Plaintiff, Ibrahim Tiemtore has been a current or former "employee" of Defendants as that term is defined by the FLSA, 29 U.S.C. §201 et seq, as he was suffered and permitted to work delivering packages to Amazon customers in connection with their purchases from Amazon.com.

### B. Defendants

13. Defendant, Cornucopia, is a domestic for-profit limited liability company that operates and conducts business in this county, and is therefore within the jurisdiction of this Court.

14. Defendant ACI is a foreign corporation that operates and conducts business in this

3

county, as well as nationwide, and is therefore within the jurisdiction of this Court.

15. Defendant ALI is a foreign corporation that operates and conducts business in this county, as well as nationwide, and is therefore within the jurisdiction of this Court.

16. Defendant ACS is a foreign corporation that operates and conducts business in this county, as well as nationwide, and is therefore within the jurisdiction of the Court.

17. On information and belief ACI, ACS and ALI acted in all respects material to this action as the agent of the other, carried out a joint scheme, business plan or policy in material respects hereto, and the acts of ACI, ACS, and ALI are legally attributable to each other.

18. With respect to the Class (defined below), the Defendants acted in all respects material to this action as the agent of the other, carried out a joint scheme, business plan or policy in material respects hereto, and the acts of each Defendant are all legally attributable to each other Defendant.

19. The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' business or affairs and with the authorization of the Defendants.

## **FLSA COVERAGE**

20. "The requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). To state a claim under the FLSA for unpaid wages, an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages. *Id.*

A. *Employment Relationship*

21. The FLSA defines the term "employer" to broadly include "any person acting

directly or indirectly in the interest of an employer in relation to any employee". 29 U.S.C. 203(d).

22. On information and belief, Defendant Amazon.com Inc., is the parent corporation of Amazon.com Services, Inc. (formerly Amazon.com, LLC), as well as Amazon Logistics, Inc., and together they operate one of the largest, if not the largest, ecommerce and logistics company in the world.

23. Through the operation of the Amazon.com website ([www.amazon.com](www.amazon.com)) customers throughout the United States can and do purchase goods and/or materials which are then shipped throughout the United States to each customer's address.

24. In addition, Amazon is in the business of providing delivery service to customers, and that is the service that delivery drivers, such as Plaintiffs, provide. The drivers' services are fully integrated into Amazon's business and managed by Amazon due to the level of control and oversight utilized by Amazon.

25. To ensure the highest customer service, satisfaction and companywide uniformity, Amazon dictates and directly manages the work of Plaintiffs' and other local delivery drivers' or driver associates' (the term used by Amazon) employment with local delivery companies such as Cornucopia by, among other things:

    a. Requiring all drivers to submit to an Amazon background check and participating in the decision to hire delivery drivers;

    b. Training all drivers;

    c. Dictating the manner and type of clothing to wear;

    d. Determining the make, model and style of delivery van to be used while delivering packages;

    e. Determining the location where Amazon packages are to be unloaded and loaded for delivery;

 f. Monitoring the performance of pre-trip and post-trip delivery van inspections;

 g. Determining where, when, how, and in what order packages are to be delivered to Amazon customers dictating the exact schedule to be followed;

 h. Controlling the method and manner of troubleshooting delivery issues by requiring Plaintiffs and similarly situated employees to report problems delivering packages directly to Amazon;

 i. Tracking delivery performance including but not limited to the number of packages delivered each day, the location of the driver at any given time, and the efficiency of the deliveries as reported through Amazon handheld devices or the Amazon Flex application for smart phones;

 j. Supervising the work of each driver on a daily basis;

 k. Evaluating the performance of each driver on a periodic basis in accordance with Amazon specific policies and procedures; and

 l. Disciplining drivers up to and including termination.

26. On information and belief, Cornucopia exists for the business purpose of providing local or last mile delivery services to Amazon as an integral part of the Amazon business operation for the common business purpose of delivering Amazon products directly to their customers.

27. Stated differently, Cornucopia, and other local Amazon delivery companies, simply provide a delivery driver labor force to Amazon, to further Amazon's core business objective of providing delivery service to Amazon customers.

28. On information and belief, Cornucopia, as well as other local delivery contractors, are directly and solely dependent on their delivery contracts with Amazon.

29. On information and belief, Cornucopia, as well as other local delivery contractors, are solely dependent on payments made by Amazon to make regularly scheduled payroll to the Plaintiff and similarly situated delivery drivers.

30. Plaintiff and similarly situated delivery drivers are dependent on Amazon, at a minimum, because Amazon provides: (i) all of the packages to deliver as part of its core business; (ii) delivery instructions including when, where, how and in what order to deliver the packages; (iii) delivery support in the event there is an issue delivering a particular package; and (iv) payment of wages through Amazon's payments under the delivery contracts with the local delivery companies, including Cornucopia.

31. Based on the foregoing, Amazon.com Inc., is an employer as defined under the FLSA and NYLL.

32. Based on the foregoing, Amazon.com Services, Inc., is an employer as defined under the FLSA and NYLL.

33. Based on the foregoing, Amazon Logistics, Inc., is an employer as defined under the FLSA and NYLL.

34. Based on the foregoing, Cornucopia is an employer as defined under the FLSA and NYLL.

35. Defendants are employers as defined under the FLSA and NYLL.

36. "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *See Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013).

37. Plaintiff and the putative class members were employed by Defendants.

38. Specifically, Plaintiff and the putative class members were suffered and permitted to work unloading Amazon packages and delivering those packages on behalf of and for the sole benefit of Amazon.

39. Defendants employed Plaintiffs and the putative class members as local or last

mile delivery drivers at various locations within New York and the United States.

40. Defendants also jointly employed Plaintiffs and all other similarly situated delivery drivers.

41. At all times material to this action Defendants directly or indirectly, controlled and directed all aspects of the day to day employment of Plaintiffs and all others similarly situated delivery drivers, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; (vii) human resources; (viii) hiring and firing; (vii) working conditions; and (viii) manner and method of such drivers' performance of their duties.

**B.** *Enterprise and Individual Coverage*

42. "The [FLSA] requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual or enterprise coverage." *Silver v. Dr. Neal Krouse, D.O., P.A.*, 2007 WL 4098879 *2 (S.D. Fla. Nov. 16, 2017) (*citing Thorne v. All Restoration Svcs., Inc.*, 448 F.3d 1264, 1265 (11th Cir. 2006).

43. Amazon.com, Inc. is an enterprise as defined within section 3(r)(1) of the FLSA.

44. Amazon Logistics, Inc., is an enterprise as defined within section 3(r)(1) of the FLSA. *Id.*

45. Amazon.Com Services, Inc., are each an enterprise as defined within section 3(r)(1) of the FLSA. *Id..*

46. Amazon.com, Inc., Amazon Logistics, Inc., and Amazon.com Services, Inc., are together an enterprise as defined with section 3(r)(1) of the FLSA. *Id.*

47. Cornucopia is an enterprise as defined within section 3(r)(1) of the FLSA.

48. The Defendants are an enterprise as defined within section 203(r)(1) of the FLSA.

49. FLSA enterprise coverage requires that an enterprise have "employees engaged in commerce or in the production of goods for commerce," or have "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce." 29 U.S.C. § 203(s)(1)(A)(emphasis added); *See Polycarpe. V. E&S Landscaping Service, Inc.*, 616 F.3d 1217, 1222-26 (11th Cir. 2010). Additionally, the enterprise must have greater than $500,000 in "annual gross volume of sales made or business done." *Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.*, 2008 WL 793660, at *2 n.6 (M.D. Fla. Mar. 24, 2008). Because today nearly all goods and materials are moved in or produced via interstate commerce, "virtually every business meeting the annual gross value requirement" is subject to enterprise coverage. *Id*.

50. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce and have at least two employees that handle or work on goods or materials that have been moved in or produced for commerce. 29 U.S.C. § 203(s).

51. Defendants provide the last mile or local delivery of products and goods that are purchased from Amazon.com, the leading online retailer in the United States.

52. Defendants are engaged in commerce, and Plaintiff, and all those similarly situated, regularly handle goods or materials that have been moved in or produced for commerce, when delivering orders purchased on www.amazon.com.

53. At all times relevant hereto, each Defendant had an annual gross volume of sales or did business of more than $500,000.00 per year.

54. Collectively, at all times relevant hereto, Defendants had an annual gross volume of sales or did business of more than $500,000.00 per year.

55. Therefore, at all material times relevant to this action, each Defendant was an

9

enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FACTUAL ALLEGATIONS

56. Plaintiff performed services for Defendants from approximately January 1st 2021 through November 26th 2021.

57. Defendants paid Plaintiff and those similarly situated to him an hourly rate, and did not pay Plaintiff and those similarly situated to him any tips or gratuities.

58. Defendants improperly retained all or some of the tips received by Plaintiff and those similarly situated to him in violation of 29 U.S.C. § 203(m)(2)(B), which provides that an employer may not keep tips received by its employees for <u>any</u> purpose.

59. Defendants have a common pay policy and/or pay practice which fails to pay all employees paid through Cornucopia all of their tips in violation of the FLSA and NYLL.

60. As a result, Plaintiff, and those similarly situated, were/are deprived of wages/tips and other damages due to them under the FLSA and NYLL.

61. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of retaining a portion of the tips received by and belonging to Plaintiff and those similarly situated to him.

62. Defendants did not act in good faith or reliance upon any of the following in formulating the pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) the NYLL; (d) Department of Labor Wage & Hour Opinion Letters, or (e) the Code of Federal Regulations.

63. Defendants have acted willfully in failing to pay Plaintiff and those similarly situated to him in accordance with the law.

## COLLECTIVE ACTION ALLEGATIONS

64. Plaintiff and the class members performed the same or similar job duties as one another in that they made last mile Amazon package deliveries.

65. Plaintiff and the class members were all hired by Defendants to perform delivery driver duties.

66. Defendants were the "employer" of the class members under the FLSA.

67. Plaintiff and the class members were all paid an hourly rate.

68. Plaintiff and the class members all received tips or gratuities from at least some of the Amazon customers who they delivered to on behalf of Defendants.

69. Plaintiff and the class members worked similar hours.

70. Plaintiff and the class members were subjected to the same pay provisions, inasmuch as they were not compensated with all of the tips received and earned by them.

71. Defendants' retention of and failure to compensate Plaintiff and the class members all of their tips as required by the FLSA and/or NYLL results from a policy or practice wherein Defendants improperly retained such tips, and is applicable to all putative class members herein.

72. These policies or practices were applicable to Plaintiff and the class members.

73. Application of these policies or practices does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of tips to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> **All delivery driver employees of Defendants who earned an hourly rate, plus tips and who worked for Defendants from December 2018 to the present.**

74. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and the class members all of their tips which belonged to them.

75. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

76. Defendants did not have any good faith basis for its failure to pay Plaintiff, and those similarly situated to him, his/their proper tip share.

77. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## CLASS ACTION ALLEGATIONS

78. Plaintiff and the class members performed the same or similar job duties as one another in that they made last mile Amazon package deliveries for Defendants.

79. Plaintiffs and the class members were all hired by Defendants to perform delivery duties.

80. Defendants were an "employer" of the class members under the NYLL.

81. Plaintiff and the class members were all paid an hourly rate, in exchange for the work performed.

82. Plaintiff and the class members worked similar hours.

83. Plaintiff and the class members were subjected to the same pay provisions, inasmuch as they were not compensated with the tips received and earned by them.

84. Defendants' retention of and failure to compensate Plaintiff and the class members all of their tips as required by the NYLL results from a policy or practice wherein Defendants improperly retained such tips, and is applicable to all putative class members herein.

85. These policies or practices were applicable to Plaintiff and the class members.

86. Application of these policies or practices does/did not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of tips to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> **All delivery driver employees of Defendant who earned an hourly rate, and who worked for Defendants from December 2015 to the present.**

87. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and the class members all of their tips which belonged to them.

88. Defendants did not act in good faith in formulating its pay practices.

89. Defendants did not have any good faith basis for its failure to pay Plaintiff, and those similarly situated to him, his/their proper tip share.

90. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

### COUNT I – TIP DISGORGEMENT PURSUANT TO THE FLSA

91. Plaintiff incorporates all factual allegations contained in paragraphs 1-90 above.

92. On March 23, 2018, Congress enacted, and the President signed into law, the Consolidated Appropriations Act, 2018, PL 115-141, March 23, 2018, 132 Stat. 348.

93. Title XII, Section 1201 of the Consolidated Appropriations Act entitled "Tipped Employees" amended the FLSA to expressly create an employee's private right of action for any tips unlawfully withheld by an employer.

94. Pursuant to 29 U.S.C. § 203(m)(2)(B), an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

95. During the relevant time period, Defendants improperly retained a portion of the tips earned by Plaintiff and the class members.

96. The tips at issue were not subject to a proper and valid tip pool.

97. Plaintiff, and those similarly situated to him, are entitled to an award of damages in an amount equal to the total amount of tips that were improperly withheld from her/them, plus an equal amount of liquidated damages.

98. Plaintiff is also entitled to an award of reasonable attorney's fees and costs, pursuant to 29 U.S.C. § 216(b).

### **COUNT II – TIP DISGORGEMENT PURSUANT TO THE NYLL**

99. Plaintiff incorporates all factual allegations contained in paragraphs 1-90 above.

100. At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees within the meaning of NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

101. At all times relevant, Defendants have been an employer of Plaintiff and the members of the Rule 23 Class within the meaning of NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

102. The wage payment provisions of NYLL, Article 6 of the NYLL, and the supporting New York State Department of Labor Regulations, apply to the Defendant, and protects Plaintiff and the members of the Rule 23 Class.

103. Defendants have unlawfully demanded or accepted, directly or indirectly, some or all of the gratuities received by Plaintiff and the members of the Rule 23 Class in violation of the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

104. Defendants have unlawfully retained some or all of the gratuities received by Plaintiff and the members of the Rule 23 Class in violation of the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

105. Through their knowing or intentional demand for, acceptance of, and/or retention of gratuities and/or service charges received by Plaintiff and the members of the Rule 23 Class, Defendants have willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

106. Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants the value of all misappropriated gratuities and/or service charges, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

WHEREFORE, Plaintiff, and those similarly situated employees, demand judgment against Defendants for:

   a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) and issuance of notice to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

b) Designation of this action as a class action under Fed. R. Civ. Proc. 23 and issuance of notice to all members of the Rule 23 Class, apprising them of the pendency of this action, and their rights herein;

c) The payment of all improperly retained tips which Defendant did not properly compensate them;

d) Liquidated damages;

e) Reasonable attorneys' fees and costs incurred in this action;

f) Pre- and post-judgment interest as provided by law;

g) Trial by jury on all issues so triable;

h) Any and all further relief that this Court determines to be appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: December 20, 2021　　　　　　　　Respectfully submitted by,

*/s/ Andrew R. Frisch*
Andrew R. Frisch
*/s/ Paul M. Botros*
Paul M. Botros, Esq (*Pro Hac Forthcoming*)
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone: (954) WORKERS
Facsimile: (954) 327-3013
Email: afrisch@forthepeople.com

*Attorneys for Plaintiffs*